[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 5358
Presently before the court is defendants' motion to strike.
On November 18, 1993, the plaintiffs, Saint Raphael Healthcare Systems, Inc. ("SRC"), DePaul Health Services Corporation ("DePaul") and The Hospital of Saint Raphael ("Hospital"), filed a revised amended, eleven count complaint against the defendants Temple Surgical, Temple Medical Hotel Management Group, Inc. ("TMHMG"), Dr. Alvin Greenberg, S. Jack Landau, Bruce Fisher and Edmund Fusco, alleging damages arising out of a breach of a joint venture agreement ("agreement") between SRC, the Hospital, Temple Surgical, TMHMG, Greenberg, Landau, Fisher and Fusco. The counts pertinent to this motion to strike are as follows: count two, directed against defendants Greenberg and Fusco, alleges a claim of tortious interference with contract and/or business expectancies and counts six through nine, directed against defendants Greenberg, Fusco, Landau, and Fisher, respectively, alleges violations of CUTPA, General Statutes § 42-110a et seq.
Construed most favorably to the nonmoving party; Blancato v.Feldspar Corp., 203 Conn. 34, 36; the complaint includes the following allegations. Defendants Greenberg, Landau, and Fisher and Lynn Fusco were shareholders of TMHMG. Defendant Greenberg was also chairman of the board of Temple Surgical, and defendant Edmund Fusco had an ownership interest in Temple Surgical. Prior to the execution of the agreement, the plaintiffs and Temple Surgical, with TMHMG, operated competing ambulatory surgical centers in New Haven. By way of the joint venture agreement, the parties agreed to establish and manage a joint medical hotel and surgical center on Temple Street in New Haven. Pursuant to the agreement, the parties created a medical hotel, which was operated by TSR Limited Partnership ("TSR"), a limited partnership created pursuant to the agreement. Plaintiff Depaul and defendant TMHMG were the general partners of TSR. TSR retained TMHMG to manage the new medical hotel.
In conjunction with the agreement to develop the medical hotel, the parties also agreed to establish a joint surgical center which would include the operations of both the Hospital's and Temple Surgical's surgical centers. The purpose of this agreement allegedly was to protect the Hospital against the loss of revenue that would result from the anticipated reduction of the Hospital's surgery patients lost to the new medical hotel and proposed CT Page 5359 surgical facility.
The plaintiffs allege that in the spring of 1991, the joint medical hotel began to experience financial difficulties and both general partners of TSR, Depaul and TMHMG, agreed to contribute capital to aid in the management of the medical hotel. TMHMG failed to make payments and DePaul was required to contribute on behalf of TMHMG, in addition to making its own contributions. TMHMG's interest in TSR was subsequently foreclosed by one of the creditors of the venture.
The plaintiffs allege that the parties discussed various proposals in an effort to keep the joint projects financially viable, but, in September 1992, Greenberg and Fusco advised the plaintiffs that they had entered into discussions with Yale New Haven Hospital regarding a sale of the Temple Surgical Center to Yale. The plaintiffs allege that the proposed sale of the Temple Surgical Center effectively destroyed the parties' attempts to save the medical hotel venture and was a breach of the joint venture agreement.
In count one, directed against all defendants, the plaintiff alleges a breach of the joint venture agreement. In count two, the plaintiffs allege that defendants Greenberg and Fusco were general partners of TSA II, a limited partnership which managed and maintained an ownership interest in the office complex in which the joint medical center was operated; that defendant Greenberg owned an ownership interest in a radiology facility located in the office complex; that Greenberg and Fusco breached their fiduciary duties owed to the joint venture by using their influence and ownership interests in TMHMG and Temple Surgical to induce TMHMG and Temple Surgical to abandon the joint venture in violation of the joint venture agreement, and that Greenberg and Fusco will profit personally from the deal with Yale because Yale will lease a substantial portion of the office complex for the operation of the proposed Yale surgical center.
In count three, directed against only TMHMG, the plaintiff alleges a breach of the TSR limited partnership agreement arising out of TMHMG's alleged failure to contribute capital to the joint venture. In count four, the plaintiffs alleges that the TMHMG made various fraudulent transfers to its shareholders in an effort to defraud the creditors of TMHMG, such as the Hospital. In count five, the plaintiffs also allege that TMHMG made improper shareholder distributions to defendants Greenberg, Landau, Fisher CT Page 5360 and Lynn Fusco, and that such distributions rendered TMHMG insolvent. The plaintiffs reallege the above referenced allegations against defendants Greenberg, Fisher, Landau and Fusco, individually, and allege that this conduct constitutes a violation of CUTPA, General Statutes § 42-110b. (Counts Six through Nine, respectively.) Count ten sets out a claim for rescission and count eleven sets out a claim for unjust enrichment.
The defendants move to strike count two and counts six through nine of the plaintiffs' complaint.
A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v.Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19. "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140.
The defendants move to strike count two on the grounds that the plaintiffs have failed to allege any independently tortious conduct on the part of defendants Greenberg and Fusco, which, the defendants argue, is necessary for sustaining a cause of action for tortious interference with contractual or business relations.
"The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendants' knowledge of that relationship, the intent to interfere with it, and the consequent actual loss suffered by the plaintiff." Hart, NiningerCampbell Associates, Inc. v. Rogers, 16 Conn. App. 619, 629.
 [F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously. . . . [A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means. . . . [A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself. . . . CT Page 5361
Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,536. For a cause of action based on intentional interference with contractual relations to survive a motion to strike, the plaintiff must allege improper motives or means on the part of the defendant.Blake v. Levy, 191 Conn. 257, 262.
In count two, the plaintiffs allege that defendants Greenberg and Fusco breached their fiduciary duties owed to the joint venture by using their influence and ownership interests in TMHMG and Temple Surgical to improperly and knowingly induce TMHMG and Temple Surgical to abandon the joint venture in violation of the joint venture agreement. The plaintiffs allege that the defendants placed their personal interest ahead of the contractual and fiduciary duties they owe to the joint venture, and the defendants' motive was to benefit personally by renting office space to the proposed Yale surgical center. The plaintiffs have adequately alleged the improper means and improper motive on the part of the defendant; therefore, the motion to strike the second count should be denied.
The defendants move to strike counts six through nine of the plaintiffs' revised amended complaint on the ground that "the dispute at issue arises out of the internal affairs of the joint venture, and therefore does not satisfy CUTPA's requirements of `trade' or `commerce,' or of the potential for substantial injury to consumers at large." This court agrees with these claims.
Conduct of participants in a joint venture which give rise to claims, controversies and disputes among the participants in this joint venture do not constitute methods of competition or acts or practices in the conduct of a trade or commerce within the meaning of § 42-110b(a).
General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110a(4) defines "trade" and "commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
In determining when a practice is unfair, the Connecticut Supreme Court has CT Page 5362
 adopted the criteria set out in the "cigarette rule" by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
(Citations omitted; internal quotation marks omitted.) A-G Foods,Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215. "[A] claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or her." Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 727; Quimbyv. Kimberly Clark Corporation, 28 Conn. App. 660, 670.
Plaintiffs fail to allege in counts six through nine that the acts alleged were committed in the conduct of any trade or commerce, as defined, and that such acts caused damage to consumers, competitors and businessmen outside the joint venture. The allegations in these counts relate only to the defendants' obligations under the joint venture agreement and the relationship among the participants in the joint venture. The relationship, obligations, duties and conduct among participants in a joint venture do not come within the definition of trade or commerce under CUTPA. Quimby v. Kimberly Clark Corporation, supra p. 670;Arawana Mills Co. v. United Technologies Corp., 795 F. Sup. 1238,1252-1253.
Accordingly, the motion to strike counts six through nine of the plaintiffs' revised amended complaint is granted; and the motion to strike count two is denied.
Ronald J. Fracasse, Judge CT Page 5363